UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARLA MORALES ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-3376** |
| **MCPHERSON COMPANIES, INC.** | **SECTION I** |

## ORDER AND REASONS

Before the Court are two cross-motions to exclude or limit expert testimony: defendant the McPherson Companies, Inc.'s ("defendant") motion[1] to limit expert testimony by Harold Asher and Jeffrey E. Meyers ("plaintiffs' experts"), and plaintiffs Darla Morales and Paul Morales, III's ("plaintiffs") motion[2] to exclude expert testimony by Edward J. Comeaux, III ("defendant's expert"). The Court denies both motions without prejudice for the reason that follows.

### I. BACKGROUND

This case concerns a workplace injury. Paul Morales ("Morales") alleges that, on November 12, 2021, he was injured when he slipped on motor oil that spilled from an oil truck owned and operated by defendant.[3] Following his slip and fall, Morales claims that he suffered severe and permanently disabling injuries to his right should and connective muscles.[4] Morales now seeks to recover "damages for past, present, and future physical and emotional pain and suffering, permanent

---

[1] R. Doc. No. 51.
[2] R. Doc. No. 52.
[3] R. Doc. No. 1, ¶¶ 3–7.
[4] *Id.* ¶ 8.

physical disability, past and future medical expenses, loss of wages and wage-earning capacity and loss of fringe benefits."[5]

In the motions pending before the Court, both parties challenge the admissibility of the other party's expert(s). Plaintiffs move to strike defendant's economic loss expert's testimony regarding a decreased smoker work life expectancy.[6] Defendant moves to preclude, or alternatively limit, the testimony of plaintiffs' economic loss experts based on their assumption that Morales cannot return to work and their use of the trial date as the reference date for calculating work life expectancy.[7]

## II. LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"To qualify as an expert, the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably

---

[5] *Id.* ¶ 11.
[6] R. Doc. No. 52.
[7] R. Doc. No. 52.

2

aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quotations omitted). The U.S. Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). The *Daubert* framework requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Crim. Just.*, 393 F.3d 577, 584 (5th Cir. 2004).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under [Rule] 702." *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000).

With respect to determining the relevance of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or

3

determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). When ruling on the admissibility of expert opinion evidence, "[t]he district court should, initially, approach its inquiry with the proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. 579, 596 (1993).

### III. CONCLUSION

Having reviewed the parties' motions, supporting memoranda, expert reports, and applicable law, the Court finds that the underlying arguments based in part on disputed facts are too numerous to resolve without hearing both parties' evidence in support of their respective motions. Accordingly,

**IT IS ORDERED** that defendant's motion to exclude plaintiffs' expert testimony and plaintiffs' motion to exclude defendant's expert testimony are **DENIED WITHOUT PREJUDICE** to the parties' rights to reassert the motions at trial.

New Orleans, Louisiana, September 13, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**